UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILBUR SCOTT,

                Petitioner,                Case No. 1:13-cv-1200

v.                                                Honorable Robert Holmes Bell

BONITA J. HOFFNER,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Wilbur Scott was convicted of first-degree murder in Lenawee County Circuit Court and sentenced to life in prison on August 12, 1965. He appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts affirmed the judgment of conviction and sentence in 1966. He filed the instant action in November 2013.

In his amended petition, Petitioner asserts that the judgment against him is unconstitutional because the judge and prosecutor in his criminal case were improperly biased in that they possessed a pecuniary interest in securing a conviction and imposing a sentence on him. According to Petitioner, Michigan law allocates retirement funds for the state's employees. *See* Mich. Comp. Laws § 38.2101 et seq.; Mich. Comp. Laws § 38.1132 et seq. Furthermore, the employees are able to invest these funds in various stocks and bonds, including "Penal/Prison Bonds." (Mem. in Supp. of Am. Pet. 3, docket #4-2, Page ID#41.) Petitioner contends that, "the more 'money' [that a] Judge makes from fees, court costs, fines, and penalties[,] the more money he is paid when he retires!" (*Id.* at 2.)

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[1]

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, the Michigan Supreme Court denied his appeal in 1966. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Thus, Petitioner would have had until April 24, 1997, to assert his claim. Consequently, his petition is untimely under § 2244(d)(1)(A).

Petitioner asserts that the issue raised in his petition "has just been discovered" by him. (Am. Pet., docket #4, Page ID#35.) Section 2244(d)(1)(D) provides an alternative date for

---

[1] Petitioner implies that the statute of limitations does not apply because his claim "is a matter of jurisdiction, which by law can be raised at any time." (Am. Pet., docket #4, Page ID#13.) However, even if his claim could be characterized as "jurisdictional," such claims are not exempt from the statute of limitations in § 2244. *See Umbarger v. Burt*, No. 1:08–cv–637, 2008 WL 3911988, at *1 (W.D. Mich. Aug.19, 2008) (collecting cases).

calculating one year deadline: "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." *Id.* Under this provision, the time commences when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). A habeas petitioner has the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *See Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). Petitioner has not satisfied his burden. He asserts no relevant facts regarding the alleged discovery of his claim, or his diligence in pursuing it. The "factual predicate" for his claim is found in public statutes that have been readily accessible to Petitioner for decades: The Judicial Retirement Act was passed in 1992, and the Public Employee Retirement System Investment Act dates to 1982. The mere fact that he was unaware of these statutes does not mean that he could not have discovered them earlier. Consequently, Petitioner has not demonstrated that his claim is timely under § 2244(d)(1)(D).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to allege any facts or circumstances that would warrant the application of equitable tolling in this case. The fact that Petitioner is untrained in the law, or was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period, does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). In the instant case, Petitioner makes no claim that he is actually innocent. Thus, the actual-innocence exception does not apply. His habeas petition, therefore, is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547

U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  

Joseph G. Scoville
U.S. Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).