UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILBUR SCOTT,

    Petitioner,

Case No. 1:13-CV-1200

v.

HON. ROBERT HOLMES BELL

BONITA J. HOFFNER,

    Respondent.

                             /

**ORDER APPROVING AND ADOPTING REPORT AND
RECOMMENDATION AND DENYING WRIT OF HABEAS CORPUS**

On January 13, 2014, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Wilbur Scott's § 2254 petition for writ of habeas corpus be dismissed as time-barred. (ECF No. 5.) This matter is before the Court on Petitioner's objections to the R&R, and his motion to strike the R&R. (ECF Nos. 6, 7.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner has raised five objections. His first objection is based on his contention that application of AEDPA's one-year statute of limitations to prisoners who have been convicted

and sentenced before its enactment violates the ex post facto clause. Petitioner's objection lacks merit. The Sixth Circuit explicitly rejected this argument in *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000). The Sixth Circuit explained that because the AEDPA "'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application to [a prisoner convicted before the enactment of the AEDPA] does not violate the Ex Post Facto Clause." *Id.* (quoting *Dobbert v. Florida*, 432 U.S. 282, 293 (1977)).

Petitioner's second contention is that application of the time bar violates his First Amendment right to access the court to petition for a writ of habeas corpus. This argument has also been explicitly rejected by the Sixth Circuit. In *Hill v. Dailey*, 557 F.3d 437(6th Cir. 2009), the Sixth Circuit noted that the First Amendment's right of access to the courts is not absolute, and that by imposing a one-year statute of limitations on habeas petitions, AEDPA does not deprive prisoners of a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 439 (quoting *Lewis v. Casey*, 518 U.S. 343, 351(1996)).

Petitioner's third contention, that his claim is based on a jurisdictional defect which can be raised at any time, lacks merit. Even if Petitioner could prove judicial bias, such bias would not deprive the court of jurisdiction. Accordingly, Petitioner's judicial bias claim, even if valid, would not excuse the untimeliness of Petitioner's petition.

Petitioner's fourth and fifth objections do not address the Magistrate Judge's

determination that Petitioner's petition is time-barred. These "objections" are more properly characterized as arguments regarding the merits of Petitioner's claim. Because the Court agrees with the Magistrate Judge that Petitioner's petition is time-barred, these arguments are not properly before the Court and will not be considered.

Petitioner has also moved to strike the R&R for lack of a date or signature. Although page 6 of the R&R does not reflect a date or a signature, those items are not required under the Court's electronic filing system. "Judgments and orders may be filed electronically by the Court or authorized Court personnel. Any order or other Court-issued document filed electronically without the image of the manuscript signature of the judge or clerk has the same force and effect as a document bearing an original signature." W.D. Mich. LCivR 5.7(h). "The electronic filing of an opinion, order, judgment or other document by a judge (or authorized member of the judge's staff) by use of the judge's login and password shall be deemed the filing of a signed original document for all purposes." W.D. Mich. LCivR 5.7(e)(iv).

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a) of the Rules Governing § 2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the claim is denied on

procedural grounds, without consideration of the merits of the claim, the petitioner must show **both** that reasonable jurists would find it debatable that the petition states a valid constitutional claim **and** that they would "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Petitioner's petition is plainly time-barred, and no reasonable jurist could conclude that dismissal is in error or that Petitioner should be allowed to proceed further. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 6) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to strike the R&R (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the January 13, 2014, R&R (Dkt. No. 5) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**

Dated: June 26, 2014               /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE

4